UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RICKEY J. HARRIS, III,**

    Petitioner,

    v.                                                                        Case No. 20-CV-828-SCD

**ERNELL LUCAS,**

    Respondent.

## REPORT AND RECOMMENDATION

Rickey J. Harris, III, is currently in custody at the Milwaukee County Jail awaiting a final hearing on allegations that he violated the conditions of his state extended supervision. On June 3, 2020, Harris filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the timeliness of his final revocation hearing. *See* ECF No. 1. The matter was assigned to this court, and Harris paid the $5.00 filing fee. Pursuant to my order, *see* ECF No. 4, Harris filed an amended petition on July 2, 2020, *see* ECF No. 5.

According to the petition, Harris was taken into custody on July 4, 2019. ECF No. 5 at 10. In January 2020, he filed a grievance arguing that his continued detention without a revocation hearing violated his right to due process. *See* ECF No. 5-1. The notes accompanying that grievance indicate that the revocation hearing had been suspended for some time while Harris was undergoing a competency evaluation with respect to pending charges. *See id.* at 3. Officials from the Wisconsin Department of Corrections also wrote Harris letters explaining the agency's position that his due-process rights were not being violated. *See id.* at 1–2. Harris disagrees, arguing that he has been held beyond the fifty-day

time limit set forth in Wis. Stat. § 302.335(2)(b) and Wis. Admin. Code HA § 2.05(4)(a). *See* ECF No. 5 at 10–11. The final revocation hearing is scheduled for July 23, 2020. *See id.* at 3.

Harris's petition must be dismissed. "Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is available only after the petitioner has exhausted his state court remedies." *Hibbler v. Wis. Dep't of Corrs.*, 18-cv-941-bbc, 2019 U.S. Dist. LEXIS 184, at *4 (W.D. Wis. Jan. 2, 2019) (collecting cases). "In other words, a state prisoner must give the state courts the opportunity to address his federal claims before he comes to federal court." *Farr v. Spoden*, 08-cv-0557-slc, 2008 U.S. Dist. LEXIS 87075, at *2 (W.D. Wis. Oct. 1, 2008). Despite complaining informally about the timeliness of the revocation hearing, Harris still "has state law remedies available to him that are effective to address his claims: he can file a writ of habeas corpus in the appropriate state circuit court; alternatively, he can raise his objection to the timeliness of the hearing at the final hearing." *Id.* Because these potential remedies remain, Harris's petition must be dismissed for failure to exhaust.

Accordingly, I **RECOMMEND** that Harris's petition, ECF No. 5, be **DISMISSED**; that this action be **DISMISSED**; and that a certificate of appealability be **DENIED**. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017) (holding that a magistrate judge cannot "resolve the case finally" "unless all parties to the action have consented to the magistrate judge's authority"). The clerk of court is directed to randomly assign this case to a district judge for consideration of this recommendation. Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure

2

Case 2:20-cv-00828-SCD   Filed 07/14/20   Page 2 of 3   Document 6

to file a timely objection with the district judge shall result in a waiver of your right to appeal.

If no response or reply will be filed, please notify the Court in writing.

Dated this 14th day of July, 2020.

_____
STEPHEN C. DRIES
United States Magistrate Judge