# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RICKEY J. HARRIS, III, <br><br> Petitioner, <br><br> v. <br><br> EARNELL LUCAS, <br><br> Respondent. | Case No. 20-CV-828-JPS <br><br><br> **ORDER** |

On June 3, 2020, Petitioner filed a petition for a writ of habeas corpus, followed by an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Docket #1, #5). On July 14, 2020, Magistrate Judge Stephen C. Dries screened the amended petition and issued a report and recommendation that the habeas petition be dismissed. (Docket #6). Petitioner alleged that he was held for an unconstitutionally long period of time pending a revocation hearing, in violation of his right to due process. *Id.* at 1.

Individuals who are held in state custody for any reason other than a conviction may challenge their incarceration under 28 U.S.C. § 2241. *Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (noting that a habeas petition may be brought pursuant to Section 2241 by petitioners held for "some other reason, such as pre-conviction custody") (citing *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). However, at least two Wisconsin courts have denied habeas petitions based on the grounds alleged here—i.e., a failure to timely conduct a state revocation hearing—when the Petitioner did not attempt to seek recourse in state court first. *Hibbler v. Wis. Dep't of Corr.*,

Case No. 18-cv-941-bbc, 2019 U.S. Dist. LEXIS 184, at *4 (W.D. Wis. Jan. 2, 2019) (concluding that "[b]ecause petitioner alleges. . .that he has not yet challenged the reasonableness of the timing of his revocation hearing in the state courts, I am dismissing his petition without prejudice for his failure to exhaust his state court remedies."); *Farr v. Spoden*, Case No. 08-cv-0557-slc, 2008 U.S. Dist. LEXIS 87075, at *2 (W.D. Wis. Oct. 1, 2008) (noting that petitioner could "file a writ of habeas corpus in the appropriate state circuit court" or "raise his objection to the timeliness of the hearing at the final hearing.").

Petitioner alleged that he filed complaints with the Wisconsin Department of Corrections, but there are no facts suggesting that he sought recourse in state courts. Therefore, Magistrate Judge Dries concluded that Petitioner had failed to exhaust his state court remedies prior to filing the federal habeas petition. (Docket #6 at 2).

Magistrate Judge Dries filed a Report and Recommendation with this Court, recommending that: the habeas petition be dismissed, and that a certificate of appealability be denied. *Id.* Pursuant to General Local Rule 72(c) and 28 U.S.C. § 636(b)(1)(B), the parties were advised that written objections to that recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. *Id.* at 2–3. To date, no party has filed such an objection. The Court has considered Magistrate Judge Dries's recommendation and, having received no objection thereto, will adopt it.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Steven C. Dries's Report and Recommendation (Docket #6) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Petitioner's amended petition for habeas relief (Docket #5) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge